*Hassan v. The Boston Beer Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-three.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> BETH ROBINSON,
> ALISON J. NATHAN,
> > *Circuit Judges.*

———————————————————————————

AYHAN HASSAN,

> *Plaintiff-Appellant*,

JOSEPH SIEGEL, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

> *Plaintiff*,

MARK HUBER, INDIVIDUALLY AND ON BEHALF OF

ALL OTHERS SIMILARLY SITUATED,

*Consolidated-Plaintiff,*

v.                                              No. 23-8

THE BOSTON BEER COMPANY, INC., DAVID A.
BURWICK, FRANK H. SMALLA, C. JAMES KOCH,

*Defendants-Appellees.*[*]

_____

FOR PLAINTIFF-APPELLANT:     J. RYAN LOPATKA, Kahn Swick & Foti,
LLC, Chicago, IL (Kim E. Miller,
Kahn Swick & Foti, LLC, New York,
NY, *on the brief*).

FOR DEFENDANT-APPELLEE       GEORGE J. SKELLY, Morgan C. Nighan,
THE BOSTON BEER COMPANY, INC.:   Nixon Peabody LLP, Boston, MA
(Richard A. McGuirk, Nixon
Peabody LLP, Rochester, NY, *on the
brief*).

FOR DEFENDANTS-APPELLEES      KURT WM. HEMR, James R. Carroll,
DAVID A. BURWICK, FRANK H.     Skadden, Arps, Slate, Meagher &
SMALLA, AND C. JAMES KOCH:     Flom LLP, Boston, MA (Alexander C.
Drylewski, Skadden, Arps, Slate,
Meagher & Flom LLP, New York,
NY, *on the brief*).

Appeal from a judgment of the United States District Court for Southern

District of New York (Cote, *J.*).

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

2

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on December 6, 2022, is **AFFIRMED**.

Plaintiff-Appellant Ayhan Hassan appeals from a judgment dismissing his amended complaint for failure to sufficiently plead violations of federal securities laws. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.    Background

The Boston Beer Company, Inc. ("BBC") is a public company that sells alcoholic beverages, including Truly Hard Seltzer ("Truly"). At all relevant times, C. James Koch was BBC's founder and Chairman, David Burwick was the Chief Executive Officer, and Frank Smalla was the Chief Financial Officer.

Hard seltzer exploded in popularity during the COVID pandemic as consumers transitioned from buying alcohol "on-premise" in bars and restaurants to "off-premise" from retailers for at-home consumption. The rapid expansion of the hard seltzer category and Truly's emergence as one of the most popular hard seltzer brands contributed to massive growth for BBC, causing the

company to increase its expected earnings per diluted share for the full year of 2021 following a successful first quarter of 2021.

However, as COVID precautions lifted and consumers returned to bars and restaurants, off-premise alcohol sales plateaued. Despite this shift in the market, BBC executives made several statements between April 22 and July 23, 2021, expressing their optimism about Truly and the hard seltzer category's future growth.

BBC's optimistic projections did not come to fruition. In July 2021, BBC announced decreased earnings for the second quarter and lowered its expected earnings per diluted share for 2021. Two months later, BBC announced a further decrease in expected earnings per diluted share for 2021 and stated that it expected to incur "seltzer-related inventory write-offs." J. App'x 353.

The district court appointed Ayhan Hassan as lead plaintiff in this consolidated securities fraud class action against BBC, Koch, Smalla, and Burwick, challenging several statements made in the spring and summer of 2021 as materially misleading. In the operative amended complaint Hassan alleges: (1) material misrepresentations and omissions by BBC in violation of § 10(b) of the Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. § 78j(b), and SEC Rule

10b-5, 17 C.F.R. § 240.10b-5, and (2) vicarious liability for the individual defendants under § 20(a) of the Act, 15 U.S.C. § 78t(a).

The Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4. The district court granted their motion, dismissing the complaint with prejudice and denying Hassan's request for leave to amend. Hassan timely appealed.

## II.    The Motion to Dismiss

We review a district court's grant of a motion to dismiss without deference to the district court. *In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 166 (2d Cir. 2021). The securities fraud claims here are subject to the heightened pleading requirements of Rule 9(b) and the PSLRA, *see Rombach v. Chang*, 355 F.3d 164, 170–71 (2d Cir. 2004), which generally require the plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see* 15 U.S.C. § 78u-4(b)(1), (2). To state a claim for relief under § 10(b) and Rule 10b-5, "a plaintiff must allege that each defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of

securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of [their] injury." *Synchrony*, 988 F.3d at 167.[1]

Although Rule 10b-5 refers to misstatements or omissions of fact, opinions may be actionable under the Rule if (1) the speaker disbelieved the opinion at the time it was made, (2) the opinion "contained one or more embedded factual statements that can be proven false," or (3) the opinion, "without providing critical context, implied facts that can be proven false." *Abramson v. Newlink Genetics Corp.*, 965 F.3d 165, 174–75 (2d Cir. 2020). "Generic, indefinite statements of corporate optimism," however, are not actionable. *Id.* at 173.

We conclude that the amended complaint fails to state a claim for securities fraud. Most of the statements identified by Hassan on appeal are inactionable opinions, Amend. Compl. ¶ 73 (J. App'x 40), ¶ 96 (J. App'x 47–48); are literally true without being otherwise misleading, *id.* at ¶ 91 (J. App'x 46); or are not themselves alleged to be false or materially misleading, *id.* at ¶¶ 116, 117, 119, 121, 122 (J. App'x 52–54). The district court did not err in finding that numerous other statements are generic statements of optimism, forward-looking,

---

[1] In quotations from caselaw and the parties' briefing, this order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

or insufficiently alleged to be false or materially misleading. *Id.* at ¶ 75 (J. App'x 41), ¶ 79 (J. App'x 42), ¶ 81 (J. App'x 43), ¶ 85 (J. App'x 44), ¶¶ 112–13 (J. App'x 51), ¶ 120 (J. App'x 53–54).

Three statements require closer examination. Hassan alleges that Burwick, "[w]hen asked about . . . deceleration in the hard seltzer industry" during the April 22, 2021 quarterly earnings call, stated:

> *[W]e still think the category is going to grow significantly* . . . the consumer trends are still there, right? So you drive for health and wellness, for [IDCP], premiumization, they're still there, they're still evident . . . there's a lot of reasons why *we believe that category will actually now start to reaccelerate*, and *that's part of our calculation*.

Amend. Compl. ¶ 83 (J. App'x 43) (emphasis in original). Hassan asserts this statement was materially false and misleading because "demand for hard seltzer had already begun slowing" and "Smalla later admitted that [BBC expected] a slowdown in May and June." *Id.* at ¶ 84 (J. App'x 43–44), ¶ 118 (J. App'x 52–53). Hassan contends there "was no indication" in April 2021 that the category was "now" going to grow significantly or reaccelerate. *Id.* at ¶ 84 (J. App'x 44).

Hassan's suggestion that Burwick's use of "now" meant that Burwick projected immediate reacceleration is belied by the broader context of his statement. Burwick provided his opinion in response to the question: "[C]an you

7

all offer an updated view on *full year* growth for the hard seltzer category . . . ?"

J. App'x 307 (emphasis added).  Burwick's explanation as to why the category would begin to reaccelerate focused on events and trends expected in the summer of 2021.  That BBC expected a slowdown in May and June does not contradict Burwick's opinion that the category would reaccelerate over the course of 2021 based on, among other things, an anticipated peak in sales during the summer.

During the same April 2021 earnings call, Hassan alleges a Goldman Sachs analyst asked "what [do] you see as the real opportunity for seltzers on-premise," to which Burwick responded:

> We're seeing a lot of growth right now, definitely bar calls out there for the hard seltzer brands.  And our on-premise team has been out actively selling and making a lot of progress on driving distribution within that channel.  So we feel very optimistic that we're going to have a lot of Truly in the category in general.

Amend. Compl. ¶ 89 (J. App'x 45).  Hassan contends this statement was false and materially misleading because industry trends "did not demonstrate 'a lot of growth' in demand for hard seltzer" on-premise.  *Id.* at ¶ 90 (J. App'x 45).  Additionally, this statement was allegedly materially misleading because BBC had not yet made significant progress in the on-premise channel, as evidenced by

the company's disappointing performance in the second quarter and Burwick's later admissions that "getting hard seltzer into the on-premise space was 'not going to be easy,'" *id.*, and "hard seltzer isn't as well developed in [the bar and restaurant] channels yet," *id.* at ¶ 125 (J. App'x 56).

Once again, the amended complaint does not sufficiently allege a misstatement or omission of material fact. As to the first sentence, the complaint's allegation that "industry trends" indicated a lack of growth is conclusory. *Id.* While the second sentence could be viewed as embedding a statement of fact (the on-premise team is "making a lot of progress"), the complaint does not sufficiently allege that assertion was false or materially misleading when made. *Id.* at ¶ 89 (J. App'x 45). The alleged fact that BBC ultimately failed to fully penetrate the on-premise market by late July 2021 and admitted that doing so would be difficult does not render untrue or misleading Burwick's earlier statement that the company was making "a lot of progress" in that channel. *Id.* And as to the third statement, Hassan does not allege that Burwick or BBC did *not* feel optimistic about "having a lot of Truly in the category in general." *Id.* Thus, it is an inactionable statement of opinion or corporate optimism.

9

Finally, Hassan alleges that in an interview with *Beer Business Daily* published June 24, 2021, Burwick stated:

> We're still confident in Truly's ability to grow significantly despite the recent segment slowdown. Truly is the only established player that's growing in the high double digits, growing at double the segment, and YTD represents about 40% of all growth in the [hard seltzer] category.

Amend. Compl. ¶ 103 (J. App'x 49). Hassan argues this statement was materially false and misleading because "Truly was not growing in the 'high double digits' at the time." *Id.* at ¶ 104 (J. App'x 49). Rather, "Burwick later conceded in the July 22, 2021 earnings call that 'as we got into May and June,' Truly 'went from high double digit growth rate to low double digit growth rate.'" *Id.* Hassan asserts Burwick misled the market by "fail[ing] to disclose any slowdown in Truly sales" during his interview. *Id.*

The first sentence is an inactionable statement of corporate optimism, and the second, to the extent it contains an embedded factual assertion, is not sufficiently alleged to be false or materially misleading. Burwick's assertion that Truly was "growing in the high double digits" was true and grounded in publicly available data. *Id.* at ¶ 103 (J. App'x 49). On June 23, 2022, *Beer Business*

*Daily* reported: "YTD in this data, Truly is up 59%—almost doubling the category trend of 30%." J. App'x 448.

Burwick's July 22 statement that "things were [sic] from high double-digit growth rate to low double-digit growth rate" as "we got into May and June," when viewed in its broader context, refers to growth within the second quarter, rather than YTD growth. *Id.* at 337–38. Thus his June 24 statement is not made false or materially misleading by his later statement regarding diminished short term growth.

For the foregoing reasons, the amended complaint fails to sufficiently allege misstatements or omissions of material fact, and therefore fails to state a claim for relief under § 10(b) or Rule 10b-5 and, by extension, under § 20(a).[2]

III.    Leave to Amend

The district court denied Hassan leave to amend on the ground that "[t]he statements included in the [amended complaint] fail to state a claim under [the Act], and as such, amendment would be futile." J. App'x 1157.

---

[2] Because the amended complaint fails to sufficiently allege misstatements or omissions of material fact, we need not address the issue of scienter.

To the extent the district court ruled that granting leave to amend would be futile, we review its decision without deference and, for the reasons stated above, affirm.  *See Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224 (2d Cir. 2017).  To the extent the district court concluded Hassan had an opportunity to amend and did not present any additional allegations to alter its analysis on the motion to dismiss, we review for abuse of discretion and find none.  *See id.* Hassan did not identify additional specific allegations that would alter the above analysis.

\* \* \*

We have considered Hassan's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court